**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| **RLI INSURANCE CO.,** | ) |
| | ) |
|    **Plaintiff,** | ) |
| | ) |
|      vs. | )   **CAUSE NO. 1:04-cv-310-LJM-WTL** |
| | ) |
| **CONSECO, INC., et al.,** | ) |
| | ) |
|    **Defendants.** | ) |

## ENTRY ON MOTION FOR PROTECTIVE ORDER

This cause is before the Court on the Plaintiff's Motion for Protective Order as to RLI-CR 00603.  The motion is fully briefed, and the document at issue has been submitted for in camera review pursuant to the Court's order.  The Court, being duly advised, **GRANTS** the motion for protective order for the reasons set forth below.

Plaintiff RLI Insurance Co. ("RLI") seeks the return of RLI-CR 00603 from the Defendants on the ground that it is a privileged document that was inadvertently produced and therefore is subject to the "claw-back" provision in the protective order in this case, which provides:

> The inadvertent production in the course of discovery in this action of any document or information . . . shall not be deemed to waive whatever attorney-client privilege, work product protection, or other privilege or immunity that would otherwise attach to the document or information produced or to other documents or information, as long as the producing party or person, promptly after discovery, notifies the other party or parties of the claim or privilege or other protection or immunity.  Upon such notice, the other party or parties shall destroy promptly all copies of the documents or information referred to and notify the producing party or person that it has done so.

The Defendants disagree both that the document is privileged and that it was inadvertently produced.

The document consists of what appear to be three memos "to the file" in which an RLI employee summarizes communications with RLI"s outside counsel regarding this litigation. In light of the fact that the document in question was created well over a year after this case was filed, and much of it on its face relates to litigation strategy, the Court is a bit puzzled by the Defendants' argument that the document is not privileged because the author of the memos is an attorney who participated in the claims investigation process for RLI. The fact that the author of the document may not have been acting as an attorney is irrelevant, as he was the "client" part of the attorney-client relationship in this instance; outside litigation counsel, with whom the RLI employee spoke, was in the "attorney" role. Because the document reflects–memorializes, in effect–communications between a client and an attorney, the document is protected by the attorney-client privilege.[1]

The Defendants also argue that the claw-back provision of the protective order is inapplicable because RLI has not demonstrated that production of the document was inadvertent. The Defendants appear to take the position that a production is inadvertent only if the producing party knew the document was privileged and intended to withhold it from production but failed to do so through some mistake during the production process. While that would certainly be one form of inadvertent production, the Court believes that where, as here, a document is produced because the party's privilege review failed to identify it as privileged can also constitute inadvertent production. Absent some indication that the party's privilege review process was

---

[1] Defendants point out that some portions of the document summarize facts and argues that those portions are not privileged because facts are not privileged simply because they are communicated by counsel. It is true that the facts themselves are not privileged; RLI may not refuse to testify (or answer interrogatories) regarding those facts. However, RLI is not required to produce its attorney-client privileged documents in which those facts are contained.

wholly inadequate or that the party originally produced the document for some strategic purpose and later changed its mind, the Court finds that the claw-back provision may properly be invoked in either circumstance.

For the reasons set forth above, the Court determines that RLI-CR 00603 is protected by the attorney-client privilege and was inadvertently produced by RLI. Accordingly, pursuant to the claw-back provision agreed to by the parties,[2] no waiver of the privilege occurred and the Defendants may not use the document in this case and shall destroy any copies that they have of it.

SO ORDERED:   10/04/2006

_William T. Lawrence_
Hon. William T. Lawrence, Magistrate Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via email

---

[2] Because the claw-back provision applies, the Court need not consider the defendants' arguments regarding whether a waiver would have occurred if no claw back provision were in place.