UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS  DIVISION

| | | |
|---|---|---|
| RLI INSURANCE COMPANY, | ) | |
|       Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:04-cv-310-LJM-WTL |
| | ) | |
| CONSECO, INC., CONSECO SERVICES | ) | |
| LLC, STEPHEN C. HILBERT, ROLLIN M. | ) | |
| DICK, GARY C. WENDT, WILLIAM J. | ) | |
| SHEA, CHARLES B. CHOKEL, RICHARD H. | ) | |
| KREMER, ELIZABETH C. | ) | |
| GEORGAKOPOULOS, DAVID K. HERZOG, | ) | |
| THOMAS J. KILIAN, DONALD F. | ) | |
| GONGAWARE, M. PHIL HATHAWAY, | ) | |
| JOHN M. MUTZ, ROBERT S. NICKOLOFF, | ) | |
| DENNIS E. MURRAY, SR., NGAIRE E. | ) | |
| CUNEO, JAMES D. MASSEY, and | ) | |
| DAVID V. HARKINS, | ) | |
|       Defendants. | ) | |

## ORDER ON MOTION FOR
## PARTIAL SUMMARY JUDGMENT ON DUTY TO INDEMNIFY

This cause is before the Court on the plaintiff's, RLI Insurance Company ("RLI"), Motion For Partial Summary Judgment on Certain Defendants' Duty to Indemnify.  The parties have fully briefed this matter and it is now ripe for ruling.

For the reasons stated herein, RLI's motion is **GRANTED in part and DENIED in part**.

## I.  BACKGROUND

The Court previously noted the relevant facts underlying this dispute in its March 29, 2007, Order on Cross Motions for Partial Summary Judgment (Docket No. 429).  The Court incorporates those facts by reference herein; however, some of the facts bear repeating.

Pursuant to a settlement agreement, RLI advanced $10,000,000.00, the limits of an excess directors and officers liability insurance policy ("RLI Excess Policy"), to help resolve a securities fraud case ("the Securities Action") against Conseco, Inc. ("Conseco"). RLI and Conseco, along with the other individual defendants involved in the Securities Action, later entered into a supplemental agreement ("Supplemental Release") releasing each other from liability for certain claims, including RLI's claim for reimbursement.

Shortly after the Supplemental Release was signed, Roderick W. Russell ("Russell") filed a putative class action complaint against Conseco and several of the individual defendants in this lawsuit in a case styled *Russell v. Conseco, Inc.*, Cause No. 1:02-cv-1639-LJM-WTL. This Court ultimately dismissed Russell's claims on the basis that they were foreclosed based on the settlement in the Securities Action. Russell appealed the dismissal and the parties settled the case for $9,975,000.00.

During the pendency of *Russell*, Conseco requested that RLI defend and indemnify the *Russell* defendants pursuant to the terms of a Financial Products Policy. RLI agreed to defend the *Russell* defendants under a reservation of rights, which included the right to withdraw funding the defense at any time and to seek reimbursement for any payments made; in addition, it advanced some funds to help pay for the defense. *See* Murphy Decl., Ex. K. However, RLI did not pay for the bulk of the defense costs and it did not contribute anything toward the *Russell* settlement. RLI later demanded defense and indemnity from the signatories to the Supplemental Release for all expenses RLI incurred in *Russell*. *See* Berdeen Decl., Ex. C.

Shortly after agreeing to defend the *Russell* defendants under a reservation of rights, RLI initiated the instant lawsuit seeking, *inter alia*, a declaration that it did not owe the *Russell*

2

defendants any duty to defend or indemnify, reimbursement of the funds advanced to assist with the *Russell* defense costs, and reimbursement of its attorneys' fees and costs incurred in the instant lawsuit.[1] In response, the Defendants raised several counterclaims. The Court previously concluded that, pursuant to the plain language of the Supplemental Release, RLI owed no duty to defend or indemnify the *Russell* defendants and dismissed all of the Defendants counterclaims. *See* March 29, 2007, Order on Cross Mots. for Partial Summ. J. (Docket No. 429).

RLI contends that it is entitled to partial summary judgment on its claim for reimbursement of defense costs for *Russell* and attorneys' fees and costs for this cause pursuant to the indemnification provision of the Supplemental Release. That provision reads:

> 19.    The Securities Action Defendants, and each of them, agree to indemnify, defend, and hold harmless the RLI Related Parties from and against any and all claims, demands, damages, losses, accounts, reckonings, debts, liabilities, indemnities, obligations, actions, causes of action, settlement costs, attorneys' fees, court costs, and any other costs or expenses, whether known or unknown, suspected or unsuspected, fixed or contingent, brought or made against any or all of the RLI Related Parties for any amounts which heretofore and hereafter may be claimed by persons who are insureds, claim to be insureds, or claim the rights of insureds under the RLI Excess Policy in connection with the matters released by the Conseco Related Parties herein, including, without limitation, any claim made by any of the parties to the Litigation or the to the Coverage Litigation or any claim made by any other putative insured with respect to the RLI Excess Policy, the Settlement Advance, the settlement payment, or the matters released by the Conseco Related Parties in this agreement . . . .

Baig Decl., Ex. E, ¶ 19, p. 8.

---

[1]  The Court recognizes that the second sentence of the second paragraph of its April 16, 2007, Order on Defendants' Motion for Certification and Stay (Docket No. 439), omits reference to RLI's claim for its attorneys' fees and costs for this cause. Because there is some concern that the omission could be misinterpreted, and as no motion was filed to correct or amend that Order, the Court on its own motion now **AMENDS** the same by interlineation to read as follows: "The only issue remaining to be determined in this case is the viability of Plaintiff's claim for restitution/reimbursement of the costs it advanced to help pay for part of the defense in *Russell v. Conseco, Inc.*, Cause No. 1:02-cv-1639-LJM-WTL, **and its attorneys' fees and costs for the present case**." (added language in bold).

## II.  SUMMARY JUDGMENT STANDARD

As stated by the Supreme Court, summary judgment is not a disfavored procedural shortcut, but rather is an integral part of the federal rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986); *United Ass'n of Black Landscapers v. City of Milwaukee*, 916 F.2d 1261, 1267-68 (7th Cir. 1990), *cert. denied*, 499 U.S. 923 (1991).  Motions for summary judgment are governed by Rule 56(c) of the Federal Rules of Civil Procedure, which provides in relevant part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Summary judgment is the "put up or shut up" moment in a lawsuit.  *Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 901 (7th Cir. 2003), *reh'g denied*.  Once a party has made a properly-supported motion for summary judgment, the opposing party may not simply rest upon the pleadings but must instead submit evidentiary materials that "set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e).  A genuine issue of material fact exists whenever "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  The nonmoving party bears the burden of demonstrating that such a genuine issue of material fact exists.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Oliver v. Oshkosh Truck Corp.*, 96 F.3d 992, 997 (7th Cir. 1996), *cert. denied*, 520 U.S. 1116 (1997).  It is not the duty of the court to scour the record in search of evidence to defeat a motion for summary judgment; rather, the nonmoving party bears the responsibility of identifying the evidence upon which he relies.  *See*

4

*Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560, 562 (7ᵗʰ Cir. 1996). When the moving party

has met the standard of Rule 56, summary judgment is mandatory. *See Celotex*, 477 U.S. at 322-23;

*Shields Enters., Inc. v. First Chicago Corp.*, 975 F.2d 1290, 1294 (7ᵗʰ Cir. 1992).

    In evaluating a motion for summary judgment, a court should draw all reasonable inferences

from undisputed facts in favor of the nonmoving party and should view the disputed evidence in the

light most favorable to the nonmoving party. *See Estate of Cole v. Fromm*, 94 F.3d 254, 257 (7ᵗʰ

Cir. 1996), *cert. denied*, 519 U.S. 1109 (1997). The mere existence of a factual dispute, by itself,

is not sufficient to bar summary judgment. Only factual disputes that might affect the outcome of

the suit in light of the substantive law will preclude summary judgment. *See Anderson*, 477 U.S. at

248; *JPM Inc. v. John Deere Indus. Equip. Co.*, 94 F.3d 270, 273 (7ᵗʰ Cir. 1996). Irrelevant or

unnecessary facts do not deter summary judgment, even when in dispute. *See Clifton v. Schafer*, 969

F.2d 278, 281 (7ᵗʰ Cir. 1992). "If the nonmoving party fails to establish the existence of an element

essential to his case, one on which he would bear the burden of proof at trial, summary judgment

must be granted to the moving party." *Ortiz v. John O. Butler Co.*, 94 F.3d 1121, 1124 (7ᵗʰ Cir.

1996), *cert. denied*, 519 U.S. 1115 (1997).

## III. **DISCUSSION**

    Because the Court previously determined that RLI owed no duty to defend or indemnify the

*Russell* defendants, the only remaining issue--aside from the calculation of possible damages--is

whether RLI is entitled to reimbursement for the defense costs it paid for *Russell* and for its

attorneys' fees and costs incurred in the course of this cause. The parties dispute whether the terms

of the indemnification provision of the Supplemental Release provide for the reimbursement that RLI seeks.

## A.  APPLICABLE LAW FOR INTERPRETING THE INDEMNIFICATION PROVISION

Before addressing the language of the indemnification provision, the Court pauses to note the appropriate law to apply for interpreting that provision.  As the Court previously noted in its March 29, 2007, Order on Cross Motions for Partial Summary Judgment (Docket No. 429), state law governs the substantive issues of a case when, as here, a Court's diversity jurisdiction is invoked. *See Goetzke v. Ferro Corp.*, 280 F.3d 766, 779 (7th Cir. 2002).  Moreover, the Court follows the operative rule that "when neither party raises a conflict of law issue in a diversity case, the federal court simply applies the law of the state in which the federal court sits." *Wood v. Mid-Valley Inc.*, 942 F.2d 425, 426 (7th Cir. 1991).  The parties have not indicated that there is any conflict of law issue, and neither the Supplemental Release in general nor the indemnification provision in particular indicate that the law of a different jurisdiction should apply.  Therefore, as it did with the interpretation of the Release provisions, the Court will be apply Indiana law to decide this matter.

Indiana courts attempt to interpret contracts in order to give effect to the parties' intent. *See Huffman v. Monroe County Cmty. Sch. Corp.*, 588 N.E.2d 1264, 1267 (Ind. 1992).  Indiana courts, like many jurisdictions, interpret contracts using a "four corners" approach. *See Simon Prop. Group, L.P. v. Mich. Sporting Goods Distrib, Inc.*, 837 N.E.2d 1058, 1070 (Ind. Ct. App. 2005); *Evans v. Med. & Prof'l Collection*, 741 N.E.2d 795, 797-98 (Ind. Ct. App. 2001)  Thus, to ascertain the parties' intent, courts look at the contract language that expresses the parties' rights and duties. *See*

6

*First Fed. Sav. Bank v. Key Mkts.*, 559 N.E.2d 600, 603-04 (Ind. 1990).  If the language is clear and unambiguous, it must be given its plain and ordinary meaning.  *See Tate v. Secura Ins. Co.*, 587 N.E.2d 665, 668 (Ind. 1992).  Indemnification clauses within a contract are strictly construed and the terms are required to be set forth in clear and unequivocal terms.  *See England v. Alicea*, 827 N.E.2d 555, 559 (Ind. Ct. App. 2005).

In addition, the terms of a contract are not ambiguous simply because a controversy exists between the parties about the meanings of the terms.  *See Simon Prop. Group*, 837 N.E.2d at 1070. Instead, a contract is ambiguous only if reasonable people could come to different conclusions about its meaning.  *See id.*  Ambiguity in a contract can take one of two forms:  patent or latent.  *See id.* "Patent ambiguity is 'apparent on the face of the instrument and arises from an inconsistency or inherent uncertainty of language used so that it either conveys no definite meaning or a confused meaning.'"  *Id.* at 1070-71 (quoting *Oxford Fin. Group, Ltd. v. Evans*, 795 N.E.2d 1135, 1143 (Ind. Ct. App. 2003)).  On the other hand, "[l]atent ambiguity . . . 'arises only upon attempting to implement the contract.'"  *Id.* at 1071 (quoting *Oxford Fin. Group*, 795 N.E.2d at 1144).  Patent ambiguity presents a question of law, and no extrinsic evidence is permitted to explain the ambiguity.  *See id.*  In contrast, the resolution of latent ambiguity is a function for the fact finder, and extrinsic evidence is admissible to explain the meaning of such ambiguity.  *See id.*

## B.  CLAIM FOR COSTS ASSOCIATED WITH THE *RUSSELL* DEFENSE

In opposition to the motion for partial summary judgment, Conseco contends that the indemnification provision is unenforceable in this case because it only applies if an individual is making a claim under the RLI Excess Policy.  Conseco suggests that RLI was buying peace for that

policy when it entered into the Supplemental Release, and it contends that a different interpretation would make no sense in light of the fact that Conseco purchased an extension of coverage under the policy shortly after the Supplemental Release was executed.  Alternatively, Conseco contends that the provision is ambiguous and that extrinsic evidence reveals that the provision was not meant to apply to claims not covered by the RLI Excess Policy.

The Court disagrees with Conseco, at least to the extent that RLI is seeking to recover its costs and expenses for the defense in *Russell*.  The plain language of the provision reveals that the indemnification provision was not limited in scope to claims made under the RLI Excess Policy.  In its simplest terms, the provision applies when two conditions are met:  (1) a claim is asserted by someone who qualifies as, or claims the rights of, an insured under the terms of the RLI Excess Policy; and (2) the claim is related to the "matters released" in the Supplemental Agreement.  *See* Baig Decl., Ex. E, ¶ 19, p. 8.

There is no dispute that the first condition is met.  All of the *Russell* defendants were insureds, claimed the rights of insureds, or were putative insureds under the RLI Excess Policy.  In fact, setting aside the corporate defendants, the individual defendants were alleged directors and officers of Conseco, individuals for whom the RLI Excess Policy was expressly intended to provide coverage.

Likewise, the second condition is easily met.  The Court previously determined that *Russell* was "related" to the Securities Action and, consequently, a matter released by the Supplemental Release.  *See* March 29, 2007, Order on Cross Mots. for Partial Summ. J. (Docket No. 429).  Thus, the Court finds that the second condition of the indemnification provision is satisfied.

Having concluded that the indemnification provision is not limited in the manner that Conseco urges and that it applies to the *Russell* matter, there is no need to address Conseco's other arguments, although they can be easily dispatched. Conseco's suggestion that RLI was only concerned about buying peace on the RLI Excess Policy and not attempting to limit its exposure on other claims makes no sense in light of the fact that RLI's exposure was already limited because it had paid the policy limits to help settle the Securities Action. Likewise, Conseco's argument that it purchased an extension of the policy does not alter the Court's interpretation because the Supplemental Release was not so expansive as to cover new, unrelated claims for which Conseco would not otherwise have been covered but for renewing or extending the policy. Finally, while the indemnification provision is clearly unambiguous, even a cursory review of some of the extrinsic evidence reveals that Conseco would be hard-pressed to prevail on its narrow interpretation of the provision if the Court were required to consider extrinsic evidence. *See*, *e.g.*, Rasmussen Dep. at 61-62 (testifying that he requested changes to the Supplemental Release and expressed to Conseco RLI's desire to make the provision as expansive as possible).

The Court is similarly unpersuaded by the additional arguments of Defendants Dennis E. Murray, Sr. ("Murray") and Ngaire E. Cuneo ("Cuneo"). Both of these defendants contend that RLI should not be able to recover for any amounts that RLI advanced for the *Russell* defense because RLI voluntarily paid those amounts. However, RLI disputed that it owed the *Russell* defendants anything and only made payments under a reservations of rights. RLI further filed this declaratory action seeking a declaration that it did not owe the *Russell* defendants any defense or indemnity. This is exactly the course of action that Indiana courts have encouraged insurance companies to take when they contest a claim in order to avoid suits for bad faith if it turns out that an insured did have

9

coverage. *See, e.g., Frankenmuth Mut. Ins. Co. v. Williams*, 645 N.E.2d 515, 518 (Ind. 1995); *Armstrong Cleaners, Inc. v. Erie Ins. Exch.*, 364 F. Supp. 2d 797, 805-06 (S.D. Ind. 2005). Under the circumstances, the Court concludes that RLI's actions were not "voluntary" so as to preclude it from recovering the defense costs for *Russell*. In fact, to do so would lead to the absurd result of letting the *Russell* defendants obtain a windfall by receiving payments that the defendants demanded but which they were entitled to receive.

Murray and Cuneo offer two additional arguments that the Court rejects. Murray contends that RLI should not be permitted to recover because it released the Conseco parties from liability in the Supplemental Release. While at first blush Murray's argument is attractive, it ignores that RLI retained the right to enforce the agreement, which included a separate enumerated paragraph addressing indemnity. *See* Baig Decl., Ex. E, ¶¶ 14, 19, pp. 7-8. Therefore, the Court cannot accept Murray's argument. The Court is similarly unpersuaded by Cuneo's argument that she should not be required to indemnify RLI because she was not a party in *Russell* and did not agree to reimburse RLI for losses involving other defendants. Cuneo's argument runs counter to the plain language of the indemnification provision, which states that the "Securities Action Defendants, and each of them" agreed to indemnify, defend, and hold RLI harmless. *See id.*, ¶ 19, p. 8. That language clearly signals that the signatories of the Supplemental Release are jointly and severally liable. Further, by signing the Supplemental Release, Cuneo acknowledged reading and understanding the terms, knowingly and voluntarily entering into the agreement, and executing the agreement on the advice of legal counsel of her choice. *See id.*, ¶¶ 22, 27, pp. 9-10. Accordingly, Cuneo is bound, just as all of the other Conseco-related parties who signed the Supplemental Release are bound, to defend and indemnify RLI for the costs associated with the *Russell* matter.

10

Not only is RLI entitled to recoup the amount that it advanced for the defense costs in *Russell*, it is also entitled to prejudgment interest on that amount.  In Indiana, "an award of prejudgment interest in a contract action is warranted if the amount of the claim rests upon a simple calculation and the terms of the contract make such a claim ascertainable." *Noble Roman's, Inc. v. Ward*, 760 N.E.2d 1132, 1140 (Ind. Ct. App. 2002).  The test for determining whether such an award is appropriate in a case "is whether the damages are complete and may be ascertained as of a particular time." *Id.* at 1140.  The award generally is not considered a matter of discretion and is proper where a "trier of fact need not exercise its judgment to assess the amount of damages." *J.S. Sweet Co. v. White County Bridge Comm'n*, 714 N.E.2d 219, 225 (Ind. Ct. App. 1999).  When a contract does not specify the interest rate to use for prejudgment interest, Indiana courts apply the statutory rate and calculation provided by Indiana Code §§ 24-4.6-1-102 and -103, which is currently 8% per annum until payment of judgment. *See Thor Elec., Inc. v. Oberle & Assocs., Inc.*, 741 N.E.2d 373, 380 (Ind. Ct. App. 2000).  Based on these principles, the Court finds that RLI is entitled to recover prejudgment interest at the rate of 8% per annum on the amount that it advanced for the defense costs in *Russell*.

## C.  CLAIM FOR COSTS AND ATTORNEYS' FEES INCURRED IN THIS ACTION

As a final matter, the Court must address RLI's contention that the indemnification provision permits it to recover the costs and attorneys' fees that it has incurred during the course of this action.  This issue must be further parsed into two categories: (1) those costs and fees that stem from enforcing the indemnification provision; and (2) those costs and fees that are a result of having to

11

defend against Defendants' claims that RLI breached its obligations under the Financial Products Policy and acted in bad faith.

Turning to the first category, the Court concludes that the indemnification provision does not support RLI's request for costs and attorneys' fees associated with prosecuting this matter. Indiana follows the American Rule when it comes to costs and attorneys' fees. *See Thor Elec., Inc.*, 741 N.E.2d at 382; *Dale Bland Trucking, Inc. v. Kiger*, 598 N.E.2d 1103, 1105 (Ind. Ct. App. 1992), *trans. denied*; *see also Biomet Inc. v. Tact Med. Instruments Inc.*, No. 3:01 CV 895, 2005 WL 1563429, at *9 (N.D. Ind. June 30, 2005); *Allied Signal, Inc. v. Acme Serv. Corp.*, No. S88-449 (RLM), 1992 WL 165816, at *13 (N.D. Ind. May 9, 1992). Indiana courts have repeatedly held that attorneys' fees are not recoverable absent an agreement, statute, or rule. *See Thor Elec., Inc.*, 741 N.E.2d at 382; *see also Utica Mut. Ins. Co. v. Vigo Coal Co.*, 393 F.3d 707, 715 (7th Cir. 2004) (noting that Indiana, like most states, does not permit an award of attorneys' fees as a matter of course in a breach of contract case). Thus, where an indemnification provision does not specifically provide for costs and fees for enforcing that provision, Indiana courts have not permitted the recovery of those amounts. *See*, *e.g.*, *Dale Bland Trucking, Inc.*, 598 N.E.2d at 1105-06. In this case, the indemnification provision does not state that RLI can recover its costs and fees for enforcing the provision. Indeed, the plain language of the provision only applies to claims "brought or made against" RLI. *See* Baig Decl., Ex. E, ¶ 19, p. 8. It says nothing about claims being "brought by" RLI. *See id.* In fact, the claims must be for amounts "claimed by persons" who are insureds or potential insureds under the RLI Excess Policy. *See id.* RLI clearly does not fit fall within that category of entities. Therefore, the Court finds that RLI may not recover its costs and attorneys' fees associated with enforcing the indemnification provision.

12

Of course, there are some cases that state that a party is entitled to its fees for enforcing an indemnification provision, although RLI does not cite to those cases.  *See, e.g., Fort Wayne Lodge, LLC v. EBH Corp.*, 805 N.E.2d 876, 887 (Ind. Ct. App. 2004); *Bethlehem Steel Corp. v. Sercon Corp.*, 654 N.E.2d 1163, 1168 (Ind. Ct. App. 1995), *reh'g denied*; *Zebrowski & Assocs., Inc. v. City of Indianapolis* ("*Zebrowski*"), 457 N.E.2d 259, 264 (Ind. Ct. App. 1983).  These cases do not sway the Court from its conclusion that RLI is not entitled to recover the costs and attorneys' fees associated with enforcing the indemnification provision.  This line of cases stems from *dicta* in *Zembrowski*.  There, the court noted that a party could get its costs and fees for prosecuting an indemnification provision, and it cited to *Price v. Amoco Oil Co.*, 524 F. Supp. 364 (S.D. Ind. 1981), as support for that provision.  *Zebrowski*, 457 N.E.2d at 264.  However, the *Zebrowski* court failed to mention that the lease discussed in *Price* specifically provided for costs and fees incurred from enforcing the agreement.  *See Price*, 524 F. Supp. at 372.  Thus, the language was taken out of context.  In addition, the *Zebrowski* court ultimately did not decide the issue in that case because the plaintiff was only seeking attorneys' fees from an underlying suit.  *See Zebrowski*, 457 N.E.2d at 264.

Moreover, *Zebrowski* has been criticized by cases that have followed it.  *See, e.g., Dale Bland Trucking, Inc.*, 598 N.E.2d at 1105; *Allied Signal, Inc.*, 1992 WL 165816, at *12.  The Court agrees with the discussions in those cases.  The *dicta* in *Zebrowski* and the cases that have relied upon it make no sense in light of clear Indiana precedent that provides that Indiana follows the American Rule on attorneys' fees and that such fees are not recoverable absent an agreement, statute, or rule.  *See Thor Elec., Inc.*, 741 N.E.2d at 382; *Dale Bland Trucking, Inc.*, 598 N.E.2d at 1105.  *Zebrowski* and its progeny are also contrary to Indiana rules governing the interpretation of indemnification

13

provisions, which are supposed to be strictly construed with terms set forth in clear and unequivocal terms. *See England*, 827 N.E.2d at 559. The Court concludes that those cases do not reflect the true state of Indiana law and that the Indiana Supreme Court would not follow them. Therefore, the Court declines to apply those cases and instead will follow the well-reasoned approaches taken by the Indiana Court of Appeals in *Dale Bland Trucking, Inc.* and by this Court in *Price* because those cases are consistent with Indiana law. As already noted, pursuant to the holdings in those cases, RLI may not recover its costs and attorneys' fees associated with enforcing the indemnification provision.

While the Court finds that RLI may not recover its fees and costs for enforcing the indemnification provision, the question of the fees and costs associated with defending against the counterclaims in this case is a different matter. Based on the plain language of the indemnification provision, the Court concludes that RLI may recover its attorneys' fees and costs associated with defending against Defendants' counterclaims. In short, the provision states that the Securities Action Defendants would indemnify, defend, and hold harmless RLI from any and all claims brought against RLI for any amounts that might be claimed by a person who was insured or potentially insured under the RLI Excess Policy and which were connected with the matters released by the Supplemental Release. *See* Baig Decl., Ex. E, ¶ 19, p. 8. Here, the counterclaims are all based on the allegation that RLI failed to provide a complete defense and indemnification in *Russell*, albeit under the Financial Products Policy. Even though Defendants relied on the Financial Products Policy to support their allegations, the Court has already concluded that *Russel* was a related matter that was

released.  Therefore, the Court concludes that RLI is entitled to recover the amount of its costs and attorneys' fees associated with the defending Defendants' counterclaims in this action.[2]

As a final matter, the Court notes that in light of this Order the only issue remaining in this case is the total amount of damages.  Therefore, the Court **ORDERS** the parties to file a joint notice within **twelve (12) days of the date of this Order** explaining whether damages are contested and, if not, including a statement listing those damages along with the calculation for and amount of prejudgment interest so that an Entry of Final Judgment can be entered in this matter.  This matter shall otherwise remain set for trial on **August 6, 2007,** in the event that damages are contested.

## IV.  CONCLUSION

For the foregoing reasons, the Court, on its own motion, **AMENDS** the second sentence of the second paragraph of its April 16, 2007, Order on Defendants' Motion for Certification and Stay (Docket No. 439) to read as follows:  "The only issue remaining to be determined in this case is the viability of Plaintiff's claim for restitution/reimbursement of the costs it advanced to help pay for part of the defense in *Russell v. Conseco, Inc.*, Cause No. 1:02-cv-1639-LJM-WTL, **and its attorneys' fees and costs for the present case**."  (added language in bold).

---

[2]  It is not clear that RLI would be entitled to prejudgment interest on this amount.  As noted, an award of prejudgment interest in a breach of contract case is only proper where a "trier of fact need not exercise its judgment to assess the amount of damages."  *J.S. Sweet Co.*, 714 N.E.2d at 225.  It is likely that the amount of the costs and fees associated with defending the counterclaims will be disputed and will require a trier of fact to exercise some judgment to determine what those amounts are.  Therefore, the Court cannot conclude at this time that RLI is entitled to prejudgment interest on this amount.

In addition, the plaintiff's, RLI Insurance Company, Motion For Partial Summary Judgment on Certain Defendants' Duty to Indemnify is **GRANTED in part and DENIED in part**. The Court finds that RLI is entitled to defense and indemnification from the signatories of the Supplemental Release for the *Russell* matter, including the costs of defending the *Russell* defendants, plus pre-judgment interest. RLI is further entitled to recover the amount of its costs and attorneys' fees associated with the defending Defendants' counterclaims in this action; however, RLI is not entitled to its costs and attorneys' fees for prosecuting its claims in this action.

Finally, the parties are **ORDERED** to file a joint report within **twelve (12) days of the date of this Order** advising the Court whether the amount of damages is contested and, if damages are not contested, including a statement outlining those damages and providing the calculation for and amount of prejudgment interest so that the Court can issue an Entry of Final Judgment in this matter. This cause shall otherwise remain set for trial on **August 6, 2007**.

IT IS SO ORDERED this 6th day of July, 2007.


LARRY J. McKINNEY, CHIEF JUDGE
United States District Court
Southern District of Indiana




Distribution attached.

16

**Electronically distributed to:**

Michael S. Baig
FOLEY & LARDNER, LLP
mbaig@foley.com

Gary Wayne Berdeen
MORISON-KNOX HOLDEN MELENDEZ & PROUGH LLP
gwb@morison-knox.com

Daniel P. Byron
BINGHAM MCHALE LLP
dbyron@binghammchale.com

Robert David Eaglesfield III
PRICE WAICUKAUSKI & RILEY
deaglesfield@price-law.com

Phillip J. Fowler
BINGHAM MCHALE LLP
pfowler@binghammchale.com

Christopher J. Heck
FOLEY & LARDNER, LLP
check@foley.com

Steven Kenneth Huffer
HUFFER & WEATHERS
steve_huffer@hufferandweathers.com

Jamie Ranah Kendall
PRICE WAICUKAUSKI & RILEY
jkendall@price-law.com

Christopher Allan Moeller
PRICE WAICUKAUSKI & RILEY
cmoeller@price-law.com

Michael D. Prough
MORISON-KNOX HOLDEN MELENDEZ & PROUGH LLP
MDP@morison-knox.com

James W. Riley Jr.
RILEY BENNETT & EGLOFF LLP
jriley@rbelaw.com

William N. Riley
PRICE WAICUKAUSKI & RILEY
wriley@price-law.com

Rafael A. Sanchez
BINGHAM MCHALE LLP
rsanchez@binghammchale.com

Michael S. Shapiro
FOLEY & LARDNER, LLP
mshapiro@foley.com

Kevin Thomas Streit
MORISON-KNOX HOLDEN MELENDEZ & PROUGH LLP
mdp@morison-knox.com

Kevin Nicholas Tharp
RILEY BENNETT & EGLOFF LLP
ktharp@rbelaw.com

Scott A. Weathers
HUFFER & WEATHERS
scott_weathers@hufferandweathers.com

17